**FAIRFIELD FEDERAL SAV & LOAN CO v PICKERING et**

Ohio Common Pleas, Fairfield Co

No 20486

## OPINION

**By McGONAGLE, J.**

The plaintiff, mortgagee, filed an action in the Common Pleas Court to foreclose a mortgage against two deceased mortgagors, naming the administrator of the deceased mortgagors, the owners of undivided interests and other lienholders as defendants. To this petition, the defendant, James T. Pickering, who is the administrator of the estates of both deceased mortgagors, filed an answer setting out the fact that he, as the administrator of the estate of Etta S. Pickering, one of the deceased mortgagors, had previously filed an action in the Probate Court of Fairfield County, Ohio, to sell the same real estate to pay debts, in which action all the parties to this foreclosure proceeding had been made parties and filed answers therein. · The plaintiff filed a demurrer to the answer and the case was heard on the statements of counsel.

It is admitted by all parties concerned that the action previously filed in the Probate Court was one brought by the administrator to sell the land to pay debts of his decedent, and was brought under the provisions of §10510-10 GC, wherein all the fractional interests and liens against same were included. In other words, it is admitted by all parties that the action to sell the land to pay debts pending in the Probate Court, was filed several months prior to this proceeding for foreclosure in the Common Pleas Court; that the action in the Probate Court is to sell the same land and includes the same parties as the foreclosure proceedings in the Common Pleas Court: and it is further admitted by all parties that the only question presented is whether the Court of Common Pleas has jurisdiction to grant a judgment and order of foreclosure herein when the defendant as such administrator has previously filed an action in the Probate Court of Fairfield County, Ohio, to sell the same lands to pay debts, and proceeding under §10510-10 GC.

In order to answer this question it will be necessary to refer to the sections of the General Code in reference to the sale of lands by administrators to pay debts.

**Sec 10510-2 GC reads as follows:**

"PAYMENT OF DEBTS.—As soon as an an executor or administrator ascertains that the personal property in his hands is insufficient to pay all the debts of the deceased, together with the ·allowance to the widow and children for twelve months, and the costs of administering the estate, he shall commence a civil action in the Probate Court or the Court of Common Pleas for authority to sell the decedent's real estate."

**Sec 10510-3 GC** provides that if the administrator fails or refuses to bring such action, the Probate Court, upon its own motion or upon motion by a creditor or legatee, shall order such sale.

**Sec 10510-9 GC** provides that such sale shall include any interest in real estate, whether legal or equitable.

**Sec 10510-10 GC** reads as follows:

"FRACTIONAL INTERESTS; SALE OF ENTIRE INTEREST.—When the interest of the decedent or ward in the real estate is fractional and undivided, the action shall include only such undivided fractional interest, except that (a) the executor, administrator or guardian, or (b) the owner or owners of any other fractional interest, or (c) any lien holder, may, by pleading duly filed in the cause, setting forth all interests in the property and liens thereon, require that the action include the entire interest in the property, and the owner or owners of said interests and liens shall receive their respective share or shares of the proceeds of sale after payment has been made of the costs and expenses of sale. The fees of the executor, administrator or guardian and of his attorney shall be a charge, as provided by law, only against such portion of the proceeds of sale as represents the interest of the decedent or ward."

The action filed in the Probate Court was brought under the provisions of this section and it is significant that said section contemplates and includes lien holders within its provisions.

**Sec 10510-13 GC** provides what the petition shall contain, including "a recital of all mortgages and liens upon the adverse interests in such real estate."

**Sec 10510-15 GC** provides for necessary parties. The 3rd subdivision reads as follows: "All mortgagees and other lienholders whose claims affect such real estate or any part thereof."

**Sec 10510-21 GC** provides for the determination of equities among the parties and the priorities of lienholders, and for distribution of the proceeds in accordance therewith.

**Sec 10510-22 GC** provides for release and satisfaction of all mortgages and liens on the records.

Sec 10510-23 GC provides that sale may be made subject to the mortgage upon consent of the mortgagee.

Sec 10510-46 GC provides for distribution of the proceeds of sale and subdivision 2 provides for the payment of mortgages according to their respective priorities of lien.

Sec 10510-52 GC. The latter part of this section reads as follows: "Nothing herein contained shall prohibit an executor or administrator from proceeding to sell real estate belonging to the intestate, for the payment of debts or legacies, although it has been sold on partition OR OTHERWISE, or the proceeds of such sale fully distributed."

Is this section broad enough to cover all sales previously made, including mortgage foreclosures? The common definition of the word "otherwise" is—"in a different manner; in other respects." Applying this definition to the above section it would seem that an administrator is authorized to sell decedent's real estate to pay debts even though it had previously been sold on partition or "in a different manner." While this court is not called on to pass upon this particular question it would seem that the above section includes any previous sale of decedent's real estate, including a mortgage foreclosure sale.

A mere reading of the statutes mentioned, providing the authority and method for an administrator to sell his decedent's real estate to pay debts, clearly shows an intent on the part of the Legislature to give administrators authority to make such sales, even though there are outstanding liens, including mortgages, against the real estate. That is the exact situation facing this court, for the administrator has filed his action in the Probate Court to sell the real estate of his decedent to pay debts, and made the mortgagees parties to such action. Now, does the subsequent filing of a foreclosure proceeding in the Court of Common Pleas by these same mortgagees supersede the prior action of the administrator in the Probate Court to sell the same real estate to pay debts? This court does not think so. Had the Legislature intended any such result it would have been a simple matter to have excluded mortgage foreclosures from the provisions covering such sales, but instead of doing so the Legislature was very careful in making specific provisions throughout the entire proceedings to include and protect the rights of mortgagees and other lienholders.

After providing such a complete remedy for all parties concerned, surely the Legislature did not intend that an administrator should go to all the effort and expense of filing such an action only to have his efforts nullified by the filing of a foreclosure proceeding in another court at any time before the sale of the land in the Probate Court was completed.

Sec 10510-2 GC provides that the administrator may file his action either in the Probate Court or the Court of Common Pleas. Let us suppose that the administrator had filed his action in the Court of Common Pleas instead of the Probate Court, and as in this case, a mortgagee later filed foreclosure proceedings covering the same land and with the same parties in both actions. In other words, this court would then have two actions pending between the same parties for the sale of the same real estate. Under such circumstances, could this court ignore the first action filed and grant relief in the second? That would certainly be a departure from the orderly procedure of our courts and contrary to the statutory provisions for hearing actions.

The statutes in question do not destroy any vested rights of a mortgagee, but merely modify remedial rights.

Some courts have held that, where actions have been commenced in different courts, having concurrent jurisdiction, that court should retain jurisdiction which can afford to all parties the fullest and most complete relief.

In this case the Probate Court and the Court of Common Pleas have concurrent jurisdiction and complete relief to the parties may be given in either court. The plaintiff in the foreclosure proceeding (a mortgagee) complains that complete relief cannot be granted in the action in the Probate Court for the reason that a deficiency judgment cannot be recovered in the event the proceeds of the sale are not sufficient to pay the mortgages. This, however, is merely anticipating a situation which does not now confront the court. But even though such a situation should develop, that would not deprive the mortgagees of their rights as they would still be able to recover their deficiency judgments in proper actions therefor.

The general rule, however, seems to be that where actions have been commenced in different courts, having concurrent jurisdiction, that court should retain jurisdic-

594

tion before whom proceedings may be first had, and whose jurisdiction first attaches.

The rule is stated in Ruling Case Law, Vol. 7, §105, as follows:

"It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of coordinate authority is at liberty to interfere with its action. This doctrine is applicable both to civil cases and criminal prosecutions. This principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such conditions exclusively, but is enforced to prevent unseemly, expensive and dangerous conflicts of jurisdiction and process. If interference may come from one side it may from the other also, and what is begun may be reciprocated indefinitely."

Applying this general rule to the present case, and giving due consideration to the sections of the General Code heretofore referred to, the court is of the opinion, and so holds, as follows:

Where an action is filed in the Common Pleas Court by a mortgagee to foreclose a mortgage against a deceased mortgagor, and it appears that the administrator of the deceased mortgagor has previously filed an action in the Probate Court to sell the same real estate to pay debts and the parties to both actions are the same, the prior action in the Probate Court will prevail, and the Court of Common Pleas should relinquish jurisdiction in the foreclosure proceedings.

Proceeding to apply this holding to the instant case, it is the judgment and decree of the court that the demurrer to the defendant administrator's answer be overruled, and upon the facts admitted both in oral argument and the briefs of counsel, the action in the Court of Common Pleas is dismissed at the cost of the plaintiff. Counsel for the administrator will supply the necessary entry.

Judge U. S. McGonagle of the Court of Common Pleas of Perry County, Ohio, sitting by assignment in the Court of Common Pleas of Fairfield County, Ohio.